

ELLIOT ENOKI
United States Attorney
District of Hawaii

LAWRENCE L. TONG
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JASON E. DILLINER    (01), )<br>BRYAN M. HAMPTON    (02), )<br>NORMAN J. GRAY      (03), )<br>TRAVIS B. CHAN      (04), )<br>)<br>Defendants. )<br>_____) | CR. NO. CR01-00188 SOM<br><br>INDICTMENT<br><br>18 U.S.C. §§ 371, 472, 473<br>   and 474<br>[Conspiracy, Use, Possession,<br> Sale and Manufacture of<br> Counterfeit Currency] |

INDICTMENT

COUNT 1

The Grand Jury charges:

From a precise date unknown to the grand jury, but by September 17, 2000, and continuing to on or about November 18, 2000, in the District of Hawaii, JASON E. DILLINER, BRYAN M. HAMPTON, NORMAN J. GRAY and TRAVIS B. CHAN did knowingly conspire together with each other, and with others, known and unknown to the grand jury, to knowingly, and with intent to defraud, possess, pass, utter and publish falsely made, forged and counterfeited obligations of the United States, to wit,

counterfeited ten dollar ($10) Federal Reserve Notes which had been reproduced from genuine currency through the use of a computer and computer printer, violations of Title 18, United States Code, section 472.

## WAYS AND MEANS OF THE CONSPIRACY

JASON E. DILLINER scanned genuine ten dollar ($10) bills and created computer files. DILLINER then used a computer printer to print fake ten dollar bills, which he provided to BRYAN M. HAMPTON, NORMAN J. GRAY and TRAVIS B. CHAN. HAMPTON, GRAY and CHAN thereafter used the fake money as if it were real.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, JASON E. DILLINER, BRYAN M. HAMPTON, NORMAN J. GRAY and TRAVIS B. CHAN committed overt acts, including, but not limited to, the following:

1. On or about September 17, 2000, BRYAN M. HAMPTON used a counterfeit $10 bill to buy gas to Tesoro Gas Express in Haleiwa.

2. On or about October 1, 2000, BRYAN M. HAMPTON used a counterfeit $10 bill at Tesoro Gas Express in Mililani.

3. On or about October 3, 2000, BRYAN M. HAMPTON used a counterfeit $10 bill at the 7-Eleven store in Kaimuki.

4. On or about October 4, 2000, BRYAN M. HAMPTON went to the Tesoro Gas Express in Mililani and tried to use a counterfeit $10 bill.

5. On or about October 8, 2000, BRYAN M. HAMPTON used a counterfeit $10 bill at the Laie Chevron.

6. On or about October 9, 2000, BRYAN M. HAMPTON used two counterfeit $10 bills at WalMart in Mililani.

7. On or about October 9, 2000, BRYAN M. HAMPTON used two counterfeit $10 bills at Longs in Mililani.

8. On or about October 10, 2000, BRYAN M. HAMPTON went to the Star Market in Mililani.

9. On or about November 11, 2000, NORMAN J. GRAY used a counterfeit $10 bill at Kitchen Delight in Wahiawa.

10. On or about November 17, 2000, JASON E. DILLINER gave counterfeit ten dollar bills to TRAVIS B. CHAN.

11. On or about November 18, 2000, TRAVIS B. CHAN took a taxi to the swap meet at Aloha Stadium.

12. On or about November 18, 2000, TRAVIS B. CHAN paid the taxi driver with two counterfeit ten dollar bills.

13. On or about November 18, 2000, TRAVIS B. CHAN used a counterfeit ten dollar bill to pay a merchant at the swap meet.

All in violation of Title 18, United States Code, section 371.

## COUNT 2

The Grand Jury further charges:

On or about September 17, 2000, at the Tesoro Gas Express in Haleiwa, within the District of Hawaii, BRYAN M. HAMPTON did knowingly, and with intent to defraud, pass, utter and publish a falsely made, forged and counterfeited obligation

of the United States, to wit, a counterfeited ten dollar ($10) Federal Reserve Note which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligation was falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

## COUNT 3

The Grand Jury further charges:

On or about October 1, 2000, at the Tesoro Gas Express in Mililani, within the District of Hawaii, BRYAN M. HAMPTON did knowingly, and with intent to defraud, pass, utter and publish a falsely made, forged and counterfeited obligation of the United States, to wit, a counterfeited ten dollar ($10) Federal Reserve Note which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligation was falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

## COUNT 4

The Grand Jury further charges:

On or about October 3, 2000, at the 7-Eleven store in Kaimuki, within the District of Hawaii, BRYAN M. HAMPTON did knowingly, and with intent to defraud, pass, utter and publish a falsely made, forged and counterfeited obligation of the United

States, to wit, a counterfeited ten dollar ($10) Federal Reserve Note which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligation was falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

### COUNT 5

The Grand Jury further charges:

On or about October 4, 2000, at the Tesoro Gas Express in Mililani, within the District of Hawaii, BRYAN M. HAMPTON did knowingly, and with intent to defraud, attempt to pass, utter and publish a falsely made, forged and counterfeited obligation of the United States, to wit, a counterfeited ten dollar ($10) Federal Reserve Note which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligation was falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

### COUNT 6

The Grand Jury further charges:

On or about October 8, 2000, at the Laie Chevron station, within the District of Hawaii, BRYAN M. HAMPTON did knowingly, and with intent to defraud, pass, utter and publish a falsely made, forged and counterfeited obligation of the United

States, to wit, a counterfeited ten dollar ($10) Federal Reserve Note which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligation was falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

## COUNT 7

The Grand Jury further charges:

On or about October 9, 2000, at the WalMart in Mililani, within the District of Hawaii, BRYAN M. HAMPTON did knowingly, and with intent to defraud, pass, utter and publish falsely made, forged and counterfeited obligations of the United States, to wit, two counterfeited ten dollar ($10) Federal Reserve Notes which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligations were falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

## COUNT 8

The Grand Jury further charges:

On or about October 9, 2000, at the Longs store in Mililani, within the District of Hawaii, BRYAN M. HAMPTON did knowingly, and with intent to defraud, pass, utter and publish falsely made, forged and counterfeited obligations of the United

States, to wit, two counterfeited ten dollar ($10) Federal Reserve Notes which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligations were falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

## COUNT 9

The Grand Jury further charges:

On or about November 11, 2000, at the Kitchen Delight restaurant in Wahiawa, within the District of Hawaii, NORMAN J. GRAY did knowingly, and with intent to defraud, pass, utter and publish a falsely made, forged and counterfeited obligation of the United States, to wit, a counterfeited ten dollar ($10) Federal Reserve Note which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligation was falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

## COUNT 10

The Grand Jury further charges:

On or about November 18, 2000, to a taxi driver at the Aloha Stadium swap meet, within the District of Hawaii, TRAVIS B. CHAN did knowingly, and with intent to defraud, pass, utter and publish a falsely made, forged and counterfeited obligation of

the United States, to wit, a counterfeited ten dollar ($10) Federal Reserve Note which had been reproduced from genuine currency through the use of a computer and computer printer, with defendant then and there knowing said obligation was falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

### COUNT 11

The Grand Jury further charges:

On or about November 18, 2000, to a merchant at the Aloha Stadium swap meet, within the District of Hawaii, TRAVIS B. CHAN did knowingly, and with intent to defraud, pass, utter and publish a falsely made, forged and counterfeited obligation of the United States, to wit, a counterfeited ten dollar ($10) Federal Reserve Note which had been reproduced from genuine currency through the use of a computer and computer printer, with defendants then and there knowing said obligation was falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

### COUNT 12

The Grand Jury further charges:

On or about November 18, 2000, in the District of Hawaii, TRAVIS B. CHAN did knowingly, and with intent to defraud, keep in his possession and conceal falsely made, forged and counterfeited obligations of the United States, namely,

approximately twenty-two (22) counterfeited ten dollar ($10) Federal Reserve Notes which had been reproduced from genuine currency by means of a computer and computer printer, with said defendant then and there knowing said obligations were falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

### COUNT 13

The Grand Jury further charges:

On or about December 4, 2000, at the Kapolei shopping center, within the District of Hawaii, JASON E. DILLINER did knowingly sell, exchange and transfer falsely made, forged and counterfeited obligations of the United States, to wit, thirty (30) counterfeited ten dollar ($10) Federal Reserve Notes which had been reproduced from genuine currency through the use of a computer and computer printer, with the intent that the same be passed, published and used as true and genuine.

In violation of Title 18, United States Code, Section 473.

### COUNT 14

The Grand Jury further charges:

On or about December 15, 2000, at his residence, within the District of Hawaii, JASON E. DILLINER did knowingly sell, exchange and transfer falsely made, forged and counterfeited obligations of the United States, to wit, thirty (30) counterfeited ten dollar ($10) Federal Reserve Notes which had

been reproduced from genuine currency through the use of a computer and computer printer, with the intent that the same be passed, published and used as true and genuine.

In violation of Title 18, United States Code, Section 473.

## COUNT 15

The Grand Jury further charges:

On or about January 9, 2001, at his residence, within the District of Hawaii, JASON E. DILLINER did knowingly sell, exchange and transfer falsely made, forged and counterfeited obligations of the United States, to wit, thirty (30) counterfeited ten dollar ($10) Federal Reserve Notes which had been reproduced from genuine currency through the use of a computer and computer printer, with the intent that the same be passed, published and used as true and genuine.

In violation of Title 18, United States Code, Section 473.

## COUNT 16

The Grand Jury further charges:

On or about January 10, 2001, at his residence, within the District of Hawaii, JASON E. DILLINER did knowingly possess, with intent to defraud, falsely made, forged and counterfeited obligations of the United States, to wit, approximately thirty-eight (38) sheets of counterfeited ten dollar ($10) Federal Reserve Notes which had been reproduced from genuine currency through the use of a computer and computer printer, with

defendant then and there knowing said obligations were falsely made, forged and counterfeited.

In violation of Title 18, United States Code, Section 472.

### COUNT 17

The Grand Jury further charges:

On or about January 10, 2001, in a personal computer, within the District of Hawaii, JASON E. DILLINER did have in his control, custody and possession plates made after, and in the similitude of, plates and things used to print obligations of the United States, that is, computer generated images of portions of Federal Reserve Notes, with intent to use such plates (or to suffer such plates to be used) in forging and counterfeiting such obligations of the United States.

In violation of Title 18, United States Code, section 474.

DATED: May 16, 2001, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, Grand Jury

_____
ELLIOT ENOKI
United States Attorney

_____
LAWRENCE L. TONG
Assistant U.S. Attorney

United States v. Jason E. Dilliner, et al.
"Indictment"
Cr. No. _____

11